Todd E. Zenger (5238)
DUREN IP
610 E. South Temple Street, Suite 300
Salt Lake City, Utah 84102
Phone: (801) 869-8538
Email: tzenger@durenip.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| FATHERS & DAUGHTERS NEVADA, LLC, | Civil Action No. 2:19-cv-00096-DN |
| Plaintiff, | Judge David Nuffer |
| vs. | |
| DOES 1-10, | EX PARTE MOTION FOR EXPEDITED DISCOVERY |
| Defendants. | |

Plaintiff submits this Ex Parte motion for expedited discovery. Plaintiff Fathers & Daughters Nevada, LLC moves the Court for an order granting leave to take discovery prior to the Rule 26(f) conference.

### A. The precise relief sought and the specific grounds for the motion

The precise relief sought by Plaintiff is an expedited order granting Plaintiff leave of Court to serve limited discovery prior to a Rule 26(f) conference on non-party Internet Service Providers ("ISPs") solely to determine identifying information of the Doe Defendants or other infringers that Plaintiff identifies during the course of this litigation by IP address, including, those listed on Exhibit B and any others identified in the course of this litigation.

If it is determined that the individual identified by the ISP is not the correct party, but the individual may have evidence helpful to ascertain the identity of the party who used the subscriber's IP address, Plaintiff seeks leave to immediately seek such evidence via subpoena in an effort to timely identify and serve the correct party.

The specific grounds for this motion are several. First, the ISP locally issues IP addresses to its subscriber customers. The ISP is the entity which keeps of log of the Contact Information associated with each IP address; Plaintiff is unable to obtain the information from another source. Many ISPs do not retain such logs for longer than a few months therefore expedited discovery is needed in order to proceed against the Defendants utilizing the IP addresses listed above.

### B. Relevant Facts

Plaintiff, a film producer and motion picture copyright holder. Exhibit A (copy of copyright registration). Plaintiff filed a complaint to stop Defendants from illegally copying and distributing to others over the Internet infringing copies (files) of the motion picture *Fathers & Daughters* for which Plaintiff holds the exclusive licensing and copyrights ("Copyrighted Motion Picture").

Using so-called "peer-to-peer" ("P2P") or BitTorrent file "swapping" networks, Defendants' infringements allow them and untold others to unlawfully obtain and distribute for free the Copyrighted Motion Picture. Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement.

The only way that Plaintiff can determine Defendants' actual names and identities is from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access including the IP addresses used to effect infringement. This information is readily available to the ISPs based on records kept in the regular course of business. Plaintiff seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference on non-party ISPs solely to determine the true identities of the Doe Defendants or other infringers that Plaintiff identifies during the course of this litigation.

If the Court grants this motion, Plaintiff will serve subpoenas on the ISPs requesting the identifying information. If the ISPs cannot themselves identify Doe Defendants but can identify an intermediary ISP, Plaintiff will serve a similar subpoena on such intermediary ISP. In either case, these ISPs will be able to notify their subscribers that this information is being sought and, if so notified, each Defendant will have the opportunity to raise any objections before this Court. If it is determined that the individual identified by the ISP is not the correct party, but may have evidence helpful to ascertain the identity of the party who used the subscriber's IP address, Plaintiff may also seek such evidence in an effort to timely identify and serve the correct party.

### C.  Supporting Authority and Argument

1. Courts routinely allow expedited discovery in such circumstances

This court has allowed limited expedited discovery of Internet Service Providers to identify the identify of those persons, "Doe" defendants in this case, over whose Internet service infringement of Plaintiff's copyrighted motion picture has been observed through BitTorrent file swapping.  *Cook Productions, LLC v. Does 1-28,* 2:17-cv-00600-JNP-PMW (D. Utah, Order ECF No. 8, July 6, 2017); *ME2 Productions, Inc. v. Does 1-23,* 2:17-CV-00157-EJF (D. Utah,

Order ECF No. 6, Mar. 13, 2017); *ME2 Productions, Inc. v. Does 1-25,* 2:17-CV-00158-EJF (D. Utah, Order ECF No. 6, Mar. 14, 2017); *LHF Productions, Inc. v. Does 1-23 and 1-30,* 2:16-CV-00860-DBP (D. Utah, ECF No. 6, Aug. 5, 2016, Order ECF No. 10, Oct. 18, 2016)(as to Consolidated Defendants); *LHF Productions, Inc. v. Does 1-26,* 2:16-CV-01071-DBP (D. Utah, Order ECF No. 8, Oct. 31, 2016); and other cases in this District.[1]

Other courts have also routinely allow expedited discovery to identify "Doe" defendants.[2] In similar copyright infringement cases brought by motion picture studios and record companies against Doe defendants, courts have consistently granted plaintiff's motions for leave to take expedited discovery to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference.[3] This includes expedited discovery in Doe Defendant lawsuits that are factually similar to the instant lawsuit. Via such early discovery, copyright holders have obtained the identities of P2P network users from ISPs and others using information similar to

---

[1] 2:16-CV-01072-DBP; 2:16-CV-01099-DBP; 2:16-CV-01100; 2:16-CV-01219-DBP; 2:16-CV-1236; 2:16-CV-1237; 2:16-CV-1238; 2:16-CV-1260; 2:16-CV-1262; 2:16-CV-1279; 2:16-CV-1280; 2:16-CV-1297; 2:16-CV-1298; 2:17-CV-00016; 2:17-CV-00017; 2:17-CV-00103; 2:17-CV-00104; 2:17-CV-00122; 2:17-CV-00168; 2:17-CV-00169; 2:17-CV-00178; 2:17-CV-00179; 2:17-CV-00198; 2:17-CV-00199 and 2:17-CV-00200.

[2] See, *e.g.*, *Equidyne Corp. v. Does 1-21*, 279 F. Supp. 2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards); *Murphy v. Goord*, 445 F.Supp.2d 261, 266 (W.D.N.Y. 2006) (in situations where the identity of alleged defendants may not be known prior to the filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants); *accord Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct discovery to reveal identity of defendant); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity") *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants").

[3] *See Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 2 (D.D.C. 2007) (allowing plaintiff to serve a Rule 45 subpoena upon Georgetown University to obtain the true identity of each Doe defendant, including each defendant's true name, current and permanent addresses and telephone numbers, email address, and Media Access Control ("MAC") address) (citing Memorandum Opinion and Order, *UMG Recordings, Inc. v. Does 1-199*, No. 04-093(CKK) (D.D.C. March 10, 2004); Order, *UMG Recordings v. Does 1-4*, 64 Fed. R. Serv. 3d (Callaghan) 305 (N.D. Cal. March 6, 2006)).

that gathered by Plaintiff in the instant case and have used that information as the basis for their subpoenas to these ISPs.

In fact, for the past few years, federal district courts throughout the country have granted expedited discovery in Doe defendant lawsuits that are factually similar to the instant lawsuit.[4] In these cited cases and others like them, copyright holder plaintiffs have obtained the identities of P2P network users from ISPs through expedited discovery using information similar to that gathered by Plaintiff in the instant case, and they have used that information as the basis for their proposed subpoenas to these ISPs.

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; and (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.[5] Plaintiff here is able to demonstrate each one of these factors.

Overall, courts have wide discretion in discovery matters and have also allowed expedited discovery when "good cause" is shown. *E.g., Cook Productions, LLC v. Does 1-28,* 2:17-cv-00600-JNP-PMW (D. Utah, Order ECF No. 8, July 6, 2017); *ME2 Productions, Inc. v. Does 1-23,* 2:17-CV-00157-EJF (D. Utah, Order ECF No. 6, Mar. 13, 2017); *LHF Productions,*

---

[4] Such cases include *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 7 (D.D.C. Apr. 28, 2008); *Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10*, Case No. 04-2005 (D.D.C.); *Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case No. 04-2006 (D.D.C.); Lions Gate Films, Inc., et al. v. Does 1-5*, Case No. 05-386 (D.D.C.); *UMG Recordings, et al. v. Does 1-199*, Case No. 04-093 (D.D.C.); *Worldwide Film Entertainment LLC v. Does 1-749*, Case No. 10-38 (D.D.C.); *G2 Productions LLC v. Does 1-83*, Case No. 10-41 (D.D.C.); *Achte/Neunte Boll Kino Beteiligungs GMBH & CO KG v. Does 1- 4,*577, Case No. 10-453 (D.D.C.); *West Bay One, Inc. v. Does 1- 2,000*, Case No. 10-481 (D.D.C.); *Call of the Wild Movie, LLC v. Does 1-358*, Case No. 10-455 (D.D.C.); *Maverick Entertainment Group, Inc. v. Does 1-1,000*, Case No. 10-569 (D.D.C.).

[5] *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also *Rocker Mgmt. LLC v. John Does 1 Through 20*, 2003 U.S. Dist. LEXIS 16277, 3-7 (N.D. Cal. 2003) (applying standard to identify persons who posted libelous statements on Yahoo! message board).

*Inc. v. Does 1-23,* 2:16-CV-00860-DBP (D. Utah, Order ECF No. 6, Aug. 5, 2016); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

2. Overview of Plaintiff's allegations and factual showings

The Complaint and accompanying Declaration of Daniel Arheidt provide background describing the online media distribution system Doe Defendants have used without authorization to download and distribute the Copyrighted Motion Picture to other users on the P2P network. (Complaint, ECF No. 2, ¶¶ 15-37; ECF No. 6, Daniel Arheidt Decl. ¶¶ 3-10). Plaintiff has engaged Maverickeye UG ("MEU"), a provider of online antipiracy services for the motion picture industry, to monitor this infringing activity. ECF No. 6 (Daniel Arheidt Decl.) ¶¶ 3, 9. While the forensic software used by IP MEU routinely collects, identifies and records the Internet Protocol ("IP") addresses used by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works, it does not provide the identifying names of those who are committing the infringement. *Id.* ¶¶ 10.

As explained in the Daniel Arheidt declaration, MEU utilized forensic software to scan P2P networks for the presence of infringing transactions and to isolate the transactions and the IP addresses of the users responsible for copying and distributing Plaintiff's Copyrighted Motion Picture. *Id.* ¶¶ 4-6. This information was used along with corresponding hash ID or values and transaction dates and times to identify the "swarm" of users that were reproducing, distributing, displaying or performing the Copyrighted Motion Picture. The software uses a geolocation functionality to confirm that IP addresses of the identified users were located this judicial district. *Id.* ¶ 7.

> 3. Plaintiff has good cause for discovery and has made a prima facie showing of copyright infringement

Plaintiff has sufficiently identified the Doe Defendants through the unique IP address each Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted motion picture. See *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. at 578-80. Plaintiff has obtained each Defendant's IP address and the date and time of the Defendant's infringing activities, has traced each IP address to specific ISPs. These Defendants gained access to the Internet through their respective ISPs (under cover of an IP address) by setting up an account with the various ISPs. The ISPs can identify each Defendant by name through the IP address by reviewing subscriber information. ECF No. 6 (Daniel Arheidt Decl.) ¶ 10. Thus, Plaintiff can show that Defendants are "real persons" whose names are known to the ISP.

Plaintiff has specifically identified the steps taken to identify Defendants' true identities. Plaintiff has obtained each Defendant's IP address and the date and time of the Defendant's infringing activities, have traced each IP address to specific ISPs, and have made copies of the Copyrighted Motion Picture each Defendant unlawfully distributed or made available for distribution. Therefore, Plaintiff has obtained all the information it possibly can about the Defendants without discovery from the ISPs.

Plaintiff has asserted a prima facie claim for direct copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it owns the exclusive rights under the registered copyright for the motion picture, and (b) the Doe Defendants copied and/or distributed the copyrighted motion picture without Plaintiff's authorization. ECF No. 2 ¶¶ 8-26. These allegations state a claim for copyright infringement.[6]

---

[6] *17 U.S.C. §106(1)(3)*; *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-15 (9th Cir. 2001) (Napster users who upload file names for others to copy violate distribution rights and users who download files containing copyrighted music violate reproduction rights); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), cert.

7

Here, good cause exists because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. If that information is erased, Plaintiff will have no ability to identify the Defendants, and thus will be unable to enforce its copyrights. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists.[7]

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner.[8] The first and necessary step that Plaintiff must take to stop the infringement of its valuable copyrights and exclusive licensing and distribution rights is to identify the Doe Defendants who are copying and distributing the motion picture. This lawsuit cannot proceed in a meaningful way without the limited discovery Plaintiff seeks because the ISPs are the only entities that can identify the otherwise anonymous Defendants. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool*, 208 F.R.D. at 277.

Finally, Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs much less in downloading and distributing the Copyrighted Motion Picture without permission.[9] This is because a person can have no

---

denied, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

[7] *Qwest Comm.*, 213 F.R.D. at 419; see also *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

[8] See *UMG Recordings, Inc. v. Doe*, 2008 U.S. Dist. LEXIS 92788, 19-23 (N.D. Cal. 2008) (finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference); Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.06[A], at 14-03 (2003); accord *Elvis Presley Enter., Inc. v. Passport Video*, 349 F.3d 622, 631 (9th Cir. 2003).

[9] See *Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); see also *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1,

legitimate expectation of privacy in information he or she voluntarily communicates to third parties.[10]

Although Defendants copied and distributed the motion picture without authorization using fictitious user names, their conduct was not anonymous. Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified. When Defendants entered into a service agreement with the ISPs they knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendant's IP address at the time of infringement, and recorded in the ISP's respective subscriber activity logs. Because Defendants can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiff leave to seek expedited discovery of it. Absent such leave, Plaintiff will be unable to prevent infringement of its Copyrighted Motion Picture. Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26.[11] Plaintiff has met

---

8-9 (D.D.C. Apr. 28, 2008) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008); *U.S. v. Hambrick*, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), *aff'd*, 225 F.3d 656 (4th Cir. 2000).

[10] See, *e.g., Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *U.S. v. Miller,* 425 U.S. 435, 442-43 (1976); *Couch v. U.S.*, 409 U.S. 322, 335-36 (1973); *Guest v. Leis*, 255 F.3d at 335; *U.S. v. Kennedy,* 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000); *U.S. v. Hambrick*, 55 F. Supp. 2d at 508.

[11] See *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir 1987) (court found "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard"); *Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002); accord *Lynn v. Radford*, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. 2001); *Gary v. United States*, No. 3:97-CV-658, 1998 WL 834853, at *4 (E.D. Tenn.); see also *In re Gren*, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order" provision of Fair Credit Reporting Act requires only "good faith showing that the consumer records sought are relevant") (internal quotation omitted).

9

that standard, as the identity of Defendants is essential to Plaintiff's continued prosecution of this action.

      D. Conclusion

Plaintiff has all that it can so far to identify infringers of its Copyrighted Motion Picture: Plaintiff has identified specific IP addresses at which infringement has occurred and that such infringement occurred using IP addresses attributed to users in this judicial district. The remaining information for a positive identification of the infringers lies solely in the subscriber logs of the ISPs contained the records of the ISPs and maintained in the ordinary course of business.

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant the motion for leave to take expedited discovery prior to the Rule 26(f) conference to identify the Doe Defendants. That is to serve a Rule 45 subpoena on the ISPs it has identified as of this date, and those it identifies in the future, so that the ISPs can divulge the true name, address, telephone number, e-mail address, and all other addresses of each Doe Defendant that Plaintiff have identified to date, and those it identifies in the future during the course of this litigation and an order that the ISPs shall comply with the subpoenas. To the extent that any ISP, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendants, Plaintiff also seeks leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference.

DATED February 19, 2019.

                                        DUREN IP

                                        By:   /s/Todd E. Zenger
                                                  Todd E. Zenger

Attorneys for Plaintiff
FATHERS & DAUGHTERS NEVADA, LLC